# Exhibit 17



Kerr, Russell and Weber, PLC
500 Woodward Avenue Suite 2500
Detroit, Michigan 48226-3427
(313) 961-0200   telephone
(313) 961-0388   facsimile

May 11, 2017

**VIA E-FILING**

Hon. Lois Bloom
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Abbott Laboratories, et al. v Adelphia Supply USA, et al.*
              **Case No. 1:15-cv-05826-CBA-LB**

Dear Judge Bloom:

    We write to apprise Your Honor that, for the reasons explained below, Kerr Russell has agreed to pay on Mr. Goldman's behalf the sanctions required by this Court's order dated May 2, 2017 (ECF 1115). Defendants HMF Distributing, Inc., Wholesale Diabetic Supplies, Inc., and Able Wholesalers of Tennessee LLC do not object to Kerr Russell's direct payment of the sanctions. Defendants have informed us that their consent should not be construed as an endorsement of Kerr Russell's failure to acknowledge in this letter that its interpretation of the protective order (ECF 882), namely that it could register Mr. Goldman without having him first execute Exhibit A to the protective order, was incorrect.

    Given the Court's ruling that Mr. Goldman violated the protective order, Kerr Russell believes that the conduct that precipitated the ruling was solely within the province of Kerr Russell and not Mr. Goldman. Based upon its interpretation of the protective order, Kerr Russell advised Mr. Goldman before the HMF and Able 30(b)(6) depositions that he was permitted to remotely monitor the depositions. Accordingly, Kerr Russell registered Mr. Goldman with the court reporter so he could remotely access the depositions.

    Even though Kerr Russell maintains its position stated in its letter response (ECF 1095), Kerr Russell in hindsight acknowledges that it should have proactively responded to the discussions about highly confidential information that occurred during the depositions to avoid violating the protective order. It also should have noticed from a subsequent review of the transcripts that highly confidential designations were at least attempted. Had it done so, the letter motions (ECF 1092 and 1097) might have been avoided. None of this conduct was the fault of Mr. Goldman. Mr. Goldman has since signed Exhibit A to the protective order. In addition, Kerr Russell has implemented measures to prevent any future violations of the protective order.

**WWW.KERR-RUSSELL.COM**

Case 1:17-cv-05205-CBA-BB Document 16-18 Filed 05/12/17 Page 23 of 23 PageID #: 1056
Case 1:15-cv-05205-CBA-BB Document 1118 Filed 05/11/17 Page 2 of 2 PageID #: 12056

KERR RUSSELL

Hon. Lois Bloom
U.S. District Court for the Eastern District of New York
May 11, 2017
Page 2

      For these reasons, Kerr Russell has committed to pay on Mr. Goldman's behalf the reasonable expenses required by the Order, as reported in the Joint Status Letter submitted on May 9, 2017, by Messrs. Janey, Saperstein, and Goodman (ECF 1118). We appreciate the time and effort expended by the Court and counsel in resolving this issue and apologize for the unfortunate distraction this incident created.

      Very truly yours,

      **KERR, RUSSELL AND WEBER, PLC**

      James E. DeLine

cc: All ECF Recipients