# SPRINGUT LAW PC

**VIA ECF AND U.S. MAIL**
February 27, 2018

Honorable Carole Bagley Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Abbott Laboratories v. H&H Wholesale Services, Inc., et al.*
             17 Civ. 3005-CBA-LB

Dear Judge Amon:

We represent defendants H&H Wholesale Services Inc., Howard Goldman, and David Gulas (collectively "H&H"). We write to request a pre-motion conference preparatory to H&H filing a motion to withdraw a factual admission contained in a prior stipulated order.

As the Court is aware, this action involves allegations of counterfeiting raised by the Plaintiffs, specifically sales of FreeStyle diabetes test strips allegedly sold in counterfeit packaging.

Subsequent to the seizure in this action, the parties stipulated to a preliminary injunction and confirmation of the seizure. (Dkt. 77) That document contains a "factual admission" that H&H sold 23,931 boxes of FreeStyle test strips during an 18-month period. (*Id.*, ¶¶ 2, 10)

We seek an order permitting H&H to withdraw this admission. The number stipulated reflects the number of units purchased by H&H from its supplier, Holland Trading Group, a Netherlands based company. The premise of the stipulation is that *all* FreeStyle units acquired from Holland Trading are derived from the same source and are thus *all* counterfeit.

However, two months after entry of the stipulation, Abbott produced documents it obtained from Holland Trading Group (which Abbott has had for many months) which reflect that this premise is incorrect. Specifically, these documents evidence that Holland Trading Group's supplier, a Missouri based company named Pramie Medical, had obtained the FreeStyle units at issue from as many as six (6) different sources, one of which is known to be an authorized Abbott distributor. Thus, the admission was

45 ROCKEFELLER PLAZA • 20TH FLOOR • NEW YORK, NY 10111
TEL 212.813.1600 • FAX 212.813.9600 • INFO@SPRINGUTLAW.COM

Honorable Carole Bagley Amon
February 27, 2018
Page 2

entered into under a false factual premise – and Abbott had in its possession documents for months that showed the presumption to be false.

A party may be relieved of a stipulation upon a showing of "good cause such as fraud, collusion, mistake or duress" or where the stipulation is "unconscionable or contrary to public policy." *Katel Ltd. v. AT&T Corp.*, 607 F.3d 60, 66 (2d Cir. 2010). H&H certainly has "good cause" to seek withdrawal of the stipulation as to the quantity of counterfeits sold – the documents withheld by Abbott at the time show that these FreeStyle strips came from multiple sources, and thus completely undermine the basis of the stipulation.

Further, H&H can easily satisfy the requirements of Rule 36(b), Fed.R.Civ.P., which provides for withdrawal of factual admissions. *See Euler v. Jetblue Airways Corp.*, 2013 U.S.Dist. LEXIS 51782, *5 (E.D.N.Y. 2013) (setting out standards for Rule 36(b) withdrawal).

We accordingly request a pre-motion conference and a briefing schedule on the above. motion.

Respectfully Submitted,

*/s/ Milton Springut*
Milton Springut

cc:  Plaintiff's counsel (via ECF and email)

439746.2