## Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

June 27, 2018

Timothy A. Waters
(212) 336-7601
twaters@pbwt.com

By CM/ECF

Judge Carol Bagley Amon
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Abbott Laboratories et al. v. Adelphia Supply USA et al.,
15 Civ. 05826 (CBA) (LB) (E.D.N.Y.)

Dear Judge Amon:

As you know, we represent plaintiffs Abbott Laboratories, Abbott Diabetes Care Inc., and Abbott Diabetes Care Sales Corp. (collectively, "Abbott"). I write to request a small adjustment to the current schedule for Abbott's motion for sanctions against the H&H Defendants, which will affect neither the H&H Defendants' time to oppose nor the date the motion is submitted.

Your Honor has entered the following case schedule for all motions for summary judgment, as well as Abbott's motion for sanctions (including case-ending sanctions) against the H&H Defendants: Opening papers due **July 10**, opposition papers due **September 12,** and reply papers due **November 14**.

Abbott does *not* propose adjusting the summary judgment schedule. It requests only modifying the schedule with regard to the motion for sanctions, which pertains only to the H&H Defendants.

Specifically, Abbott seeks an additional week to submit its opening brief on sanctions, while compensating by removing a week from Abbott's time to reply. H&H's time to oppose would not be shortened. Abbott's requested schedule is: opening papers due **July 17**, opposing papers due **September 19,** reply papers due **November 14** (the original due date). This schedule provides Abbott a brief extension of its time to serve opening papers without moving the submission date into Thanksgiving.

Abbott requests this change because fact discovery concerning the H&H Defendants' fraud on the Court is ongoing, and Abbott has not received everything the H&H Defendants have agreed to produce. As Abbott has uncovered more evidence of the scope of the H&H Defendants' misconduct, Judge Bloom has ordered additional discovery concerning their fraud on the Court. Abbott has recently deposed five witnesses with regard to H&H's discovery fraud, including the deposition H&H's former outside counsel on June 12 and Lori Goldman on June 13.

10458385

Hon. Carol Bagley Amon
June 27, 2018
Page 2

On June 15, based on information revealed at those depositions, Abbott requested additional information and documents that go directly to H&H's fraud on the Court. That information includes information about H&H's ownership structure, which Abbott contends H&H repeatedly lied about in this litigation in order to conceal (among other things) defendant Lori Goldman's ownership of, and role in, H&H. Abbott's requests also include the production of a set of documents that H&H's technical expert identified at deposition as being the only documents potentially subject to a "technical error" that caused them to be omitted from H&H's production.

On June 20, H&H agreed to provide all the requested information and documents, but has not yet done so. H&H's counsel has stated that he expects to be able to produce all the information requested on June 29. When I expressed concern that would not give sufficient time to review and incorporate the information into our motion for sanctions, counsel for H&H suggested we could agree to move the briefing on sanctions "back ten days." That offer is the primary reason I did not push for H&H to produce the promised information more quickly.

Two days ago, I asked counsel to agree to an even better deal than he first proposed: moving the schedule back seven days, without shortening H&H's time to reply or adjourning the submission date of the motion. Last evening, counsel for H&H wrote simply: "We consulted our client, and H&H declines to consent to your proposal." Counsel offered no further explanation, although the wording of his email indicates the decision was driven by his client, not himself.

Abbott's requested adjustment to the briefing schedule is more than reasonable and does not prejudice the H&H Defendants in the least. Abbott should not be penalized in its ability to prepare its brief because H&H has still not produced accurate information on topics about which it has given false testimony and made false representations throughout this action. And H&H should not be permitted to withdraw its counsel's original offer of an extension because of the client's animosity toward Abbott and/or the sanctions motion it knows is coming.

Abbott therefore respectfully requests that the Court adjust the briefing schedule for Abbott's motion for sanctions against the H&H Defendants as set forth above.

Respectfully submitted,

*/s/ Timothy A. Waters*

Timothy A. Waters

cc:     All counsel of record (via ECF)

10458385