```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------x
                                        17-CV-3095(CBA)(LB)
ABBOTT LABORATORIES, et al.,
                                        United States Courthouse
          Plaintiff,                    Brooklyn, New York

          - versus -                    December 06, 2018
                                        3:00 p.m.
H&H WHOLESALES SERVICES,
INC. et al.,

          Defendants.

------------------------------x

    TRANSCRIPT OF CIVIL CAUSE FOR PRE MOTION CONFERENCE
         BEFORE THE HONORABLE CAROL BAGLEY AMON
               UNITED STATES DISTRICT JUDGE


APPEARANCES

Attorney for Plaintiff:  PATTERSON BELKNAP WEBB & TYLER LLP
                         1133 Avenue of the Americas
                         New York, New York 10036-6710
                         BY:  TIMOTHY ALAN WATERS, ESQ.


Attorney for Defendant:  SPRINGUT LAW PC
                         45 Rockefeller Center, 20th Floor
                         New York, New York 10111
                         BY:  MILTON SPRINGUT, ESQ.
                              TAL BENSCHAR, ESQ.


Court Reporter:          RIVKA TEICH CSR, RPR, RMR
                         Phone:  718-613-2268
                         Email:  RivkaTeich@gmail.com

Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.
```

1          (In open court.)

2          THE COURTROOM DEPUTY:  All Rise.  Abbott
3  Laboratories et al. versus Adelphia Supply USA et al.,
4  15-CV-5826, premotion conference.

5          Will the parties state their appearances, please,
6  first for the plaintiffs.

7          MR. POTTER:  Good afternoon, your Honor, my name is
8  Geoffrey Potter.  I'm here with my colleague, Jim Madigan,
9  with Patterson Belknap Webb & Tyler counsel for the
10 plaintiffs.

11         MR. SPRINGUT:  Good afternoon, your Honor, Milton
12 Springut and Tal Benschar for defendants H&H and Laurie
13 Goldman.

14         THE COURT:  I have requested, there's been a request
15 for a premotion conference and I understand H&H is seeking to
16 file a motion for sanctions for continuing to include Laurie
17 Goldman.  Do I understand that's what you want to do?

18         MR. BENSCHAR:  It's Laurie Goldman's motion.  She's
19 the defendant who is moving.

20         THE COURT:  Well, you represent H&H and Laurie
21 Goldman, correct?

22         MR. BENSCHAR:  Yes, and Howard Goldman.

23         THE COURT:  Okay.  So it's Laurie Goldman who is
24 making the motion.  Why are you making this motion now?  Why
25 do you want to make this motion now?

1          MR. BENSCHAR:  Because --

2          THE COURT:  Other than Abbott filed a motion for
3   sanctions.

4          MR. BENSCHAR:  Because discovery has been completed.
5   The summary judgments have been completed.  It's very clear
6   there is no basis for including her either as to liability or
7   in Abbott's sanction motion.

8          THE COURT:  Why isn't that going to be a disputed
9   issue of fact in any event?  Why wouldn't you wait to see if
10  you prevailed on the summary judgment motion and then make a
11  sanctions motion?  Because if you don't prevail on the summary
12  judgment, by definition, you have no sanctions motion,
13  correct?

14         MR. BENSCHAR:  The problem -- well, to answer your
15  second question first, your Honor.  The way Rule 11 works is
16  once if you dismiss the claims against her, that's too late.
17  Rule 11 has a safe harbor, you have to withdraw.  You have 21
18  days from service of the motion to withdraw the claims.

19         So if we wait and your Honor rules and says there is
20  no basis, summary judgment in favor of Laurie Goldman, there
21  is no basis for a sanction under Rule 11.

22         THE COURT:  So you're saying you need to file the
23  motion on Abbott, to serve the motion on them, because you
24  can't file the motion for 21 days after you served it on them.

25         MR. BENSCHAR:  Well --

1            THE COURT:  Right?

2            MR. BENSCHAR:  That's part of it.

3            THE COURT:  So if you prevail on summary judgment --

4            MR. BENSCHAR:  Because the safe harbor allows the

5    other party to withdraw whatever is at issue, in this case the

6    claim against Ms. Goldman.  If, your Honor, were to rule on

7    summary judgment --

8            THE COURT:  I'm not withdrawing.  Assuming -- you

9    mean assuming they decided not to appeal it and withdraw it?

10           MR. BENSCHAR:  No.  I'm saying right now there is a

11   claim they are pressing against Ms. Goldman for her liability,

12   which they can withdraw.  If they don't, we file the Rule 11

13   motion and then 21 days go by then they are subject to

14   sanctions.  But if, your Honor -- if we separately we've

15   already filed a motion for summary judgment on her liability

16   which, your Honor, will in due course rule on, if we were to

17   prevail, meaning Ms. Goldman were to prevail, that claim would

18   be dismissed and they have nothing to withdraw it.  There will

19   be no safe harbored and Rule 11 could not operate.  That's the

20   point.

21           That's the safe harbor.  Safe harbor allows the

22   other party 21 days, or it can be shortened in the Court's

23   discretion.  But 21 days to say, okay, we're now going to

24   withdraw the claim, the motion, whatever was subject is.  So

25   we have to do this now because if we prevail later, that will

1  be the end of it.

2  THE COURT: I don't recall, is the summary judgment
3  motion with respect to Laurie Goldman, is it fully briefed?

4  MR. BENSCHAR: Yes.

5  THE COURT: Has it been filed? Yes.

6  MR. POTTER: Yes.

7  THE COURT: So the same thing could happen if we had
8  an argument tomorrow and the summary judgment motion and I
9  granted it, right?

10  MR. BENSCHAR: Yes. There would be no way for them
11  to -- we would have nothing to withdraw at that point.

12  The Rule 11 -- that's the trade off of Rule 11,
13  objective standard doesn't require bad faith; but the flip
14  side of it, the party has 21 days to withdraw it. That's the
15  safe harbor, that's how its structured.

16  THE COURT: I'm just trying to find a way to avoid
17  the parties spending much time on this.

18  MR. POTTER: Your Honor --

19  THE COURT: I'm wondering if he made the motion on
20  paper and then served it on you then --

21  MR. POTTER: Why don't we --

22  THE COURT: -- then would you have answer it.

23  MR. POTTER: That would be a way to do it. You
24  could set a briefing schedule at a point, if it's necessary
25  after it.

1                 But I think it's clearly a frivolous and wasteful

2     motion.  We'll waive the safe harbor provision.  We're not

3     withdrawing our claims against Ms. Goldman.  And you can

4     just -- and if there is a basis to do so, after your Honor has

5     decided the pending motions, at that time they can chose to

6     file.

7                 THE COURT:  That makes sense.  If they waive the

8     safe harbor, then can you make a motion if I rule in your

9     favor on the summary judgment motion.  Why doesn't that make

10    sense?  Saves everybody time and money.

11                MR. SPRINGUT:  The problem with that, your Honor, is

12    what we see as what is really going on with regard to

13    including her in the lawsuit.  It's really an attempt to

14    leverage at the company and her husband.

15                THE COURT:  What difference does any of that make to

16    the timing of what I'm talking about?  You still have all

17    those arguments.  The summary judgment motion has been

18    briefed.  Okay.  If I grant -- you've moved for summary

19    judgment with regard to Ms. Goldman, right?

20                MR. SPRINGUT:  Yes.

21                THE COURT:  If I were to grant that motion, then

22    would you have a basis to make a sanctions motion.  Counsel is

23    waiving the safe harbor.  If I deny the motion, then you

24    clearly have no basis to make a sanctions motion.

25                MR. SPRINGUT:  But I think in the dynamics, if this

1  case gets to a settlement stage that is still out there and
2  held by leverages.
3         THE COURT:  Leverage by whom?
4         MR. SPRINGUT:  By Abbott.
5         THE COURT:  What is used by leverage?
6         MR. SPRINGUT:  To keep her in the lawsuit.
7         THE COURT:  You're missing what I'm saying to you.
8  There exists a pending motion, that if you're accurate, would
9  take her out of the lawsuit.  Correct?  You're moving for
10 summary judgment saying that she cannot be in the lawsuit.
11        If the Court decides after hearing argument on that
12 motion that that is correct, that there is not sufficient
13 evidence to keep her on on undisputed facts, to keep here in
14 the lawsuit, then at that point in time because counsel is
15 saying they are waiving the safe harbor, then you can make
16 your sanctions motion.
17        You already put them on notice that you think this
18 conduct is sanctionable.  They are waiving the safe harbor.
19 If you prevail on summary judgment, then you could then decide
20 whether or not you wanted to make the motion.
21        If you don't prevail, you have no basis to make the
22 motion.  This isn't a trick question.  Honestly, it seems to
23 be to be practical.
24        MR. SPRINGUT:  So, your Honor, we will need approval
25 from the client whether to agree to that.  What we propose to

1    find out if the client agrees --

2            THE COURT:  Can you call the client, Ms. Goldman?
3    Why wouldn't she agree?

4            MR. SPRINGUT:  We could do that.

5            THE COURT:  Call her.  Let's not waste time.  I'm
6    just talking about being practical.  I'm not ruling on the
7    merits of anything here.  I'm being practical, God forbid that
8    anyone would be practical.

9            Why don't you give Ms. Goldman a call.  She's saving
10   money.  Explain to her that she may well be saving funds by
11   doing this.  That would usually have some impact on a client,
12   but maybe not.  Why don't you talk to her and let's see.

13           (Brief recess.)

14           THE COURT:  Counsel?

15           MR. SPRINGUT:  We spoke to the client.  The client
16   says he does not understand this and would like to think about
17   it until tomorrow.

18           THE COURT:  He?  I thought this was Laurie Goldman.

19           MR. SPRINGUT:  It's her husband.

20           THE COURT:  She doesn't speak for herself?

21           MR. SPRINGUT:  I don't know where she is.

22           THE COURT:  I don't think there is really anything
23   to think about.  I can't preclude you from making a sanctions
24   motion and it would have been preferable for us to reach an
25   agreement.  I won't preclude you from making a motion, but in

1  controlling my calendar I can determine the timing of the
2  motion.
3          So I'm going to direct that you forestall making the
4  motion until after the Court has made the pending summary
5  judgment motion.  That is on the understanding about what
6  counsel has said here today, that they waive any safe harbor,
7  they won't invoke the safe harbor rule.  I will permit you to
8  make the motion, but only after the summary judgment motion
9  has been resolved.  Okay?
10             MR. SPRINGUT:  Thank you, your Honor.
11             MR. POTTER:  Thank you, your Honor.
12             (Whereupon, the matter was concluded.)
13                    *    *    *    *    *
14  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
15
16  Rivka Teich, CSR RPR RMR FCRR
    Official Court Reporter
17  Eastern District of New York